IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    Case No. 05-10118-JTM

CLAUDIA A. YAUJAR,

    Defendant.

MEMORANDUM AND ORDER

This matter is currently before the court on the Motion for Attorney Fees by defendant Claudia A. Yaujar. Yaujar seeks fees under 18 U.S.C. § 3006A, statutory note (Pub. L. 105-119, Title VI, § 617, Nov. 26, 1997, 111 Stat. 2519), also known as the "Hyde Amendment."

Yaujar was charged with one count of falsely claiming to be a U.S. citizen in violation of 18 U.S.C. § 911. Specifically, it was alleged that Yaujar represented she was a citizen in an Employment Eligibility Verification (I-9) Form completed by her. Yaujar was arraigned and subsequently filed a motion to suppress. (Dkt. No. 9). On September 6, 2005, the government moved to dismiss the Indictment without prejudice, (Dkt. No. 12), which was granted the same day. (Dkt. No. 13). At some time after the case was dismissed, the defendant's counsel was informed that the government had additional evidence which suggested that the same or other charges might be

warranted against the defendant, and that the case was dismissed to permit additional investigation in anticipation of the filing of such charges.

Two questions are presented by Yaujar's motion. First, is the defendant a prevailing party for purposes of the Hyde Amendment? Second, was the government's prosecution of the defendant vexatious, frivolous, or in bad faith?

Yaujar contends that she was a prevailing party because the case was dismissed on the government's motion, citing *United States v. Braunstein*, 281 F.3d 982 (9th Cir. 2002); *United States v. Knott*, 106 F.Supp.2d 174, 177 (D. Mass. 2000), *rev'd on other grounds*, 256 F.3d 20 (1st. Cir. 2001); *United States v. Gardner*, 23 F.Supp.2d 1283, 1289-909 (N.D. Okla. 1998). The government argues that a mere dismissal alone is insufficient to deem a defendant a "prevailing party," noting that in *Gardner* that action was dismissed by the government and the government expressly stated it would not further prosecute the defendant, that the *Knott* court merely followed *Gardner* without additional analysis, and that in *Braunstein* the court reviewed all of the evidence known to the government and concluded that it "negated *any* well-founded prosecution" for the charged offense. 281 F.3d at 997 (emphasis added). In other words, the government emphasizes, in each of the considered authorities, the criminal proceeding was not only dismissed, there was some additional determination that no future prosecution would occur.

The court believes that the government's argument would set too high a standard for a "prevailing party" under the Hyde Amendment, essentially conflating the two questions presented — whether the defendant has prevailed, and whether the government's case was so bad that future charges are unlikely. The two questions should be kept distinct, and whether a party is a "prevailing party" under the Hyde Amendment should be analyzed under its common, everyday meaning, *United*

*States v. Sriram*, No. 00-CR-0894, 2005 WL 843211, at *2 (N.D. Ill., Jan. 27, 2005) specifically whether the defendant there has been a material change in the legal relationship of the parties "in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)

However, it is unnecessary to resolve the question of whether a voluntary dismissal standing by itself and without any additional surety against additional prosecution, is sufficient to make a defendant a "prevailing party," because the defendant here has utterly failed to show that she was the subject of a vexatious, frivolous, or bad faith prosecution. The only fact shown in support of her motion on this point is that one circuit — not the Tenth Circuit — has concluded that representations of citizenship in and Employment Eligibility Verification (I-9) Form will not support a § 911 false statement prosecution. *United States v. Karaouni*, 379 F.3d 1139 (9th Cir. 2004). This falls far short of the sort of active and knowing prosecutorial misconduct for which the Hyde Amendment seeks to provide redress. *See United States v. Gilbert*, 198 F.3d 1293 (11th Cir. 1999); *United States v. Braunstein*, 281 F.3d 982, 995 (9th Cir. 2002).

Indeed, as plaintiff, citing *Gilbert* and *Braunstein*, acknowledges, a criminal prosecution can be remedied under the Hyde Amendment where the government's position is "foreclosed by binding precedent or so obviously wrong as to be frivolous." (Dkt. No. 15, at 4). The Ninth Circuit's decision in *Karaouni* has yet to be cited with approval by any court outside of that circuit; it certainly was not adopted as binding precedent in this circuit at the time the charges against defendant Yaujar were filed. Absent even the slightest other basis for inferring that the government's charges against the defendant were without probable cause, were brought solely to annoy or embarrass her, or were advanced in bad faith, the court finds the motion for attorney fees to be without merit.

IT IS ACCORDINGLY ORDERED this 13th day of January, 2006, that the defendant's Motion for Attorney Fees (Dkt. No. 14) is hereby denied.

                                                  s/ J. Thomas Marten
                                                  J. THOMAS MARTEN, JUDGE